JENNIE S. GROVE, PLAINTIFF, v. EDWARD O. VIERING ET AL., DEFENDANTS.

Argued January 21, 1930—Decided July 1, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the rule, *Joseph R. Megill.*

*Contra, Harry R. Cooper.*

PER CURIAM.

Plaintiff was the owner of a certain lot of land in Neptune City which she had purchased from one Gray in 1923. At that time, and for many years prior, there seems to have

existed a brook or water course leading from Gorman's pond to Duck creek, which, as it reached the location of plaintiff's lot, seems to have lost its form and character as a brook or stream and to have become a small pond overflowing and covering a portion of the rear of plaintiff's lot and other lands. When Gray purchased, for development, a tract embracing plaintiff's lot, and when he negotiated the sale to plaintiff, he suggested and agreed, and that agreement seems to have been carried out, that the propery at the site of the pond should be filled in so that the water would be confined to a ditch or brook, corresponding to the brook or waterway as it existed elsewhere.

In the present action plaintiff charges that on November 14th, 1928, a ditch was dug through her property at the direction of the defendant Viering, who was a member of the council and chairman of the street committee of the borough of Neptune City and under the direction and control of the defendant Gouldy, who was chief of police of the borough. It appears that the borough council, by resolution of September 28th, 1928, directed its street committee to clean out this ditch or water course.

The defendant Viering, chairman of the street committee, in accord therewith, directed one Hulse, the street superintendent, to do so. The plaintiff brought an action in trespass against Viering and Gouldy, and a trial of that cause resulted in nominal verdicts of six cents in favor of the plaintiff and against the defendants.

These verdicts we are asked to set aside because, it is urged, they are contrary to the weight of the evidence, the charge of the court and the law applicable.

Our examination and consideration of the proofs brings us to the conclusion that these verdicts are not warranted nor justified by a clear preponderance of the evidence and the rule to show cause must, therefore, be made absolute.